**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AHMED WILLIAMS, | : | Civil Action No.:11-1397 (SRC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| BALLINGTON HOUSE, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Ahmed Williams, Pro Se
#633832
Bo Robinson House
377 Enterprise Avenue
Trenton, NJ 08635

**CHESLER**, District Judge

     Plaintiff, Ahmed Williams, is currently confined at the Bo Robinson House, Trenton, New Jersey. Plaintiff seeks to bring this action in forma pauperis, alleging violations of his constitutional rights. At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be dismissed, without prejudice.

**BACKGROUND**

In his "Statement of Facts," attached to his application to proceed in forma pauperis (docket entry 3), Plaintiff states that on February 16, 2011, while housed at the Ballington House, he was "awaken by the Program team leader and requested to take a urine." The next day, Plaintiff was informed that his urine was tainted, and he would be given a "charge" and returned to the New Jersey Department of Corrections.

Plaintiff was taken to East Jersey State Prison ("EJSP") where he was to be housed until his disciplinary charge was resolved.  He told the staff at EJSP: "I was told I would be given a 2nd urine that would be sent to an outside lab.  I was then told I would not be required to submit another urine."  Plaintiff was told he would receive the charge in the next 24 hours, but on February 17, 2011, he was instead taken to the CRAF facility in Trenton.

Plaintiff states that as of February 24, 2011, he had not received the charge, in violation of his due process rights. Plaintiff's complaint was received by the Clerk of the Court on March 11, 2011, with the application to proceed in forma pauperis and statement of facts received in April of 2011.  It appears from

the Department of Corrections website that Plaintiff was released
from CRAF on October 25, 2011.[1]

Plaintiff asks for monetary relief.

**DISCUSSION**

**A.    Standards for _Sua Sponte_ Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No.
104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26,
1996), requires a District Court to screen a complaint in a civil
action in which a plaintiff is proceeding in forma pauperis and to
sua sponte dismiss any claim if the Court determines that it is
frivolous, malicious, fails to state a claim on which relief may
be granted, or seeks monetary relief from a defendant who is
immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

The pleading standard under Rule 8 was refined by the United
States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544
(2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  In
Ashcroft, the Supreme Court revisited the "final
nail-in-the-coffin" for the "no set of facts" standard set forth
in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was

---

[1]  See Department of Corrections public website, offender
search engine, at https://www6.state.nj.us/DOC_Inmate.

[2]  The Conley court held that a district court was permitted
to dismiss a complaint for failure to state a claim only if "it
appear[ed] beyond doubt that the plaintiff can prove no set of
facts in support of his claim which would entitle him to relief."
Conley, 355 U.S. at 45-46.

previously applied to determine if a federal complaint stated a

claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

The Supreme Court clarified as follows:

> . . . a court considering a motion to dismiss can
> choose to begin by identifying pleadings that, because
> they are no more than conclusions, are not entitled to
> the assumption of truth.  While legal conclusions can
> provide the framework of a complaint, they must be
> supported by factual allegations.  When there are
> well-pleaded factual allegations, a court should assume
> their veracity and then determine whether they
> plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

Since Iqbal, the Third Circuit has required district courts

to conduct, with regard to Rule 8 allegations, a three-part

analysis when reviewing a complaint for dismissal for failure to

state a claim:

> To determine the sufficiency of a complaint under
> the [Iqbal] pleading regime ..., a court must take
> three steps:  First, the court must "tak[e] note of the
> elements a plaintiff must plead to state a claim."
> Iqbal, 129 S. Ct. at 1947.  Second, the court should
> identify allegations that, "because they are no more
> than conclusions, are not entitled to the assumption of
> truth."  Id. at 1950.  Finally, "where there are
> well-pleaded factual allegations, a court should assume
> their veracity and then determine whether they
> plausibly give rise to an entitlement for relief."  Id.

Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010)

(internal footnote omitted).

The Court is mindful that the sufficiency of this pro se

pleading must be construed liberally in favor of the plaintiff,

even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

4

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his or her constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff

must demonstrate that the challenged conduct was committed by (1)

a person acting under color of state law and (2) that the conduct

deprived him of rights, privileges, or immunities secured by the

Constitution or laws of the United States.  See Parratt v. Taylor,

451 U.S. 527, 535 (1981), overruled in part on other grounds by

Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress &

Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d

1250, 1255-56 (3d Cir. 1994).

**C.    Plaintiff's Claims Will Be Dismissed.**

Plaintiff argues that his due process rights were violated by

the delay in receiving his charge for the dirty urine test.

Procedural due process rights are triggered by a deprivation of a

legally cognizable liberty interest.[3]  For a prisoner , such a
deprivation occurs when the prison "imposes atypical and
significant hardship on the inmate in relation to the ordinary
incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484
(1995).  Lesser restraints on an inmate's freedom are deemed to
fall "within the expected parameters of the sentence imposed by a
court of law." Id.  Thus, "[a]s long as the conditions or degree
of confinement to which the prisoner is subjected is within the
sentence imposed upon him and is not otherwise violative of the
Constitution, the Due Process Clause does not in itself subject an
inmate's treatment by prison authorities to judicial oversight."
Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Sandin,
515 U.S. at 480. See also Asquith, 186 F.3d at 410-11 (no liberty
interest under the Due Process Clause in remaining in halfway
house).

The Third Circuit has observed, however, that if an inmate is
committed to undesirable conditions for an atypical period of time
in violation of state law, that factor should be considered in
determining whether the prisoner has been subjected to "atypical
and significant hardship" triggering due process protection. See
Griffin v. Vaughn, 112 F.3d 703, 708-09 (3d Cir.

---

[3]  The Due Process Clause of the Fourteenth Amendment
provides that no State may "deprive any person of life, liberty,
or property, without due process of law."

1997)(disciplinary segregation of state prisoner for 15 months did
not impose atypical and significant hardship on prisoner, and
thus, did not implicate the due process clause).

In this case, as pled, the complaint alleges that from
February 17 through at least February 24, 2011, Plaintiff did not
receive his disciplinary charge for producing tainted urine.
Plaintiff does not advise this Court as to whether he ever
received the charge, how long the charge was delayed in total, if
he was subjected to undesirable conditions atypical of prisoners,
or, if he challenges the result of the whether or not he appealed
any charges through administrative or state court remedies.  As
such,  Plaintiff's complaint fails to demonstrate a due process
claim sufficient to pass must under <u>Iqbal</u>, and must be dismissed
for failure to state a claim upon which relief may be granted,
pursuant to 28 U.S.C. § 1915 (e)(2).

However, this Court will allow Plaintiff 30 days to file a
motion to reopen his case, if he so chooses, attaching to any such
motion an amended complaint curing the deficiencies as outlined in
this Opinion.

### CONCLUSION

Based on the foregoing, Plaintiff's complaint will be
dismissed, without prejudice, for failure to state a claim, under
28 U.S.C. § 1915(e).  An appropriate Order accompanies this
Opinion.

STANLEY R. CHESLER
United States District Judge

Dated: